UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

**GUSTAVO GARCES**, *individually*
*and on behalf of others similarly situated,*

CASE NO:

*Plaintiff,*

vs.

**CQ AUTO REPAIR SHOP, INC.**,
*a New York corporation*, and
**CARLOS QUIZHPE,** *an individual,*

*Defendants.*

---------------------------------------------------------X

## COMPLAINT

Plaintiff, GUSTAVO GARCES ("Plaintiff"), individually and on behalf of others similarly situated, sues Defendants, CQ AUTO REPAIR SHOP, INC. ("Corporate Defendant") and CARLOS QUIZHPE (hereinafter "Individual Defendant")(Corporate Defendant and Individual Defendant are referred to collectively as "Defendants"), and alleges:

### NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and for violations of the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

2. Plaintiff further seeks certification of this action as a collective action on behalf of Plaintiff individually, and on behalf of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendants operate their business in this District, and Plaintiff was employed in this District.

## PARTIES

5. Plaintiff is over the age of 18 years, *sui juris*, and is a resident of the State of New York.

6. Corporate Defendant is a corporation organized and existing under the laws of the State of New York.

7. Corporate Defendant is an auto repair shop headquartered at 12 Kings Court, East Hampton, NY 11937, and located at 23 County Road 40, East Hampton, NY 11937.

8. On information and belief, Individual Defendant, Carlos Quizhpe, is over the age of 18 years, *sui juris*, and owns (in whole or in part), operates, and/or controls the Corporate Defendant, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant's business.

9. Individual Defendant is sued herein individually in his capacity as, on information and belief, he is an owner, officer and/or agent of Corporate Defendant.

10. Defendants are an enterprise as defined by 29 U.S.C. § 203 (r-s).

11. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12. Upon on information and belief, the Corporate Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

13. Upon information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

14. At all relevant times, Plaintiff was and is a former employee of the Defendants within the meaning of the FLSA and NYLL.

15. Plaintiff worked for the Defendants for approximately three (3) months, from May 2022 through July 31, 2022.

16. Plaintiff was employed as a mechanic's assistant and his job duties included changing oil and filters, replacing and repairing defective auto parts, and performing other routine mechanical tasks.

17. Plaintiff regularly handled goods in interstate commerce, including of filters, oil, tools, and other similar automotive and mechanical materials.

18. Plaintiff's work duties required neither discretion nor independent judgment.

19. Plaintiff worked six (6) days a week (Monday through Saturday) from 8:00 a.m. through 6:00 pm. Accordingly, Plaintiff worked approximately 60 hours per week.

20. Plaintiff was paid a standard rate of $17.00 per hour as a flat hourly rate, with no pay raises during the term of his employment.

21. Throughout his employment with Defendants, Plaintiff was paid in cash with no paystubs provided.

22. Defendants failed to pay Plaintiff any overtime premium (time and a half) for hours worked over forty (40) in each workweek.

23. Defendants failed to provide Plaintiff with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

24. Defendants failed to provide Plaintiff, at the time of hiring, a statement in English and the employee's primary language (in this case, Spanish), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

25. Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he worked 10 hours or more.

26. Upon information and belief, Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, including non-exempt employees working in other departments of the Corporate Defendant business.

27. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

## RULE 23 CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on his own behalf, and as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of individuals defined as follows: Any and all individuals employed by Defendants at Defendants' Auto Repair Shop located at 23 County Road 40, East Hampton, NY, 11937 at anytime during the six-year period preceding the date on which this complaint was filed (the "Class").

29. Excluded from the Class is any person who is an executive, professional, managerial, or other employee of Defendants who is exempt from coverage under the NYLL and FLSA, and not subject to protection of those laws.

30. The members of the class are so numerous that joinder of all Class members is no practical. The size of the class will be determined through discovery.

31. Plaintiff's claims are typical of those of the Class. Plaintiff, along with every member of the Class, has suffered violations of applicable labor laws, including each of the violations complained by Plaintiff herein.

32. Plaintiff will adequately protect the interest of all members of the Class and has retained competent legal counsel experienced class action litigation as well as FLSA and NYLL litigation. Plaintiff has no interest that are contrary to the interests of the Class.

33. A class action is by far the most efficient way by which to resolve all FLSA and NYLL claims belonging to any current or former Employee of Defendants, which occurred at any time within the relevant limitations period. The expense and burden associated with individual litigation of each claim held by each member of the Class would be extraordinarily inefficient for Defendants, for members of the Class, and for courts of this District.

34. Common questions of law and fact prevail with respect all members of the Class predominate over questions applicable solely to individual Class members. Among such common question of law and fact is whether Defendant has violated its state and federal legal obligations by failing to comply with FLSA and NYLL requirements in the manner alleged by Plaintiff herein, such that all members of the Class are owed minimum, overtime, and/or spread of hours pay, as ell as damages for failure to provide required wage and other notices.

35. Plaintiff knows of no special or unique difficulty that would be encountered in the management of litigation that might preclude its maintenance as a class action.

36. The names and addresses of Class members are readily discernable from the Defendants' business records. Notice of this case to each member of the Class, along with notice to each member of the Class that he/she will need to opt-out of the Class or otherwise be barred from pursuing future action, can be delivered by U.S. Mail, or electronic mail (where applicable), using technique and a form of notice similar to those customarily used in class action litigation in the District, and can additionally be posted at Defendants' place of business, or by other means that are likely to reach members of the Class.

**FLSA COLLECTIVE ACTION CLAIMS**

37. Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly

situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

38.  At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

39.  The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

### FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

40.  Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

41.  Defendants failed to pay Plaintiff and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

42.  Defendants' failure to pay Plaintiff and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

43.  Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

44.  Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

DocuSign Envelope ID: 42659BC2-FD41-4D84-9330-2856D3E49279

45. Defendants failed to pay Plaintiff overtime compensation at rates of one and one half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

46. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

47. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)

48. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

49. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours was ten hours or more in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

50. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours was ten hours or more was willful within the meaning of NYLL § 663.

51. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

52. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

53. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

54. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

55. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

56. Defendants never provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

57. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

c) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

d) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

f) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

g) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor;

h) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

i) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages,

j) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

l) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

m) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

n) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4); and

    o)    All such other and further relief as the Court deems just and proper.

<b><u>JURY DEMAND</u></b>

Plaintiff demands a trial by jury on all issues triable by a jury.

February 21, 2023

                Respectfully Submitted,

                **LAW OFFICES OF NOLAN KLEIN, P.A.**
                *Attorneys for Plaintiff*
                5550 Glades Rd., Ste. 500
                Boca Raton, FL 33431
                PH:    (954) 745-0588

                By:   */s/ Nolan Klein*
                NOLAN KLEIN, ESQUIRE
                (NK 4223)
                klein@nklegal.com
                amy@nklegal.com
                melanie@nklegal.com

## CONSENTIMIENTO PARA DEMANDAR BAJO
## LA LEY DE NORMAS LABORALES JUSTAS
## (FAIR LABOR STANDARDS ACT)

Yo, Gustavo Garces soy un empleado o ex empleado de CQ Auto Repair Shop, Inc., y/o personas o entidades relacionadas. Las alegaciones que se establecen en esta demanda me han sido explicadas en español y todas son verdaderas y correctas a mi entender, información y creencia. He consentido para ser demandante en la acción mencionada anteriormente para cobrar los salarios no pagados y otros daños y perjuicios.

Fecha: 2/21/2023 , 2023.

*[Firma: DocuSigned by: 559543D07CF64A2...]*

**GUSTAVO GARCES**