UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

GUSTAVO GARCES, individually
and on behalf of others similarly situated,

                                        Plaintiff,

        -against-

CQ AUTO REPAIR SHOP, INC.,
a New York corporation, and CARLOS QUIZHPE,
an individual,

                                        Defendants.

-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
23-cv-1388 (JMA)(JMW)

**FILED**
**CLERK**

3/10/2025 2:53 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Currently pending before the Court is a motion for default judgment filed by Plaintiff Gustavo Garces against Defendants CQ Auto Repair Shop, Inc., and Carlos Quizhpe (collectively, "Defendants"). Plaintiff alleges that Defendants failed to: (1) pay him overtime wages in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL") § 650 et seq.; (2) pay him spread of hours compensation in violation of the NYLL; and (3) provide him with wage notices and wage statements as required by NYLL §§ 195(1) and 195(3), respectively. For the reasons stated below, Plaintiff's motion for a default judgment is GRANTED in part and DENIED in part and Plaintiff is awarded $4,964.39.

## I. DISCUSSION

### A. Defendants Defaulted

The record reflects that Defendants were properly served in this action. Defendants, however, have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds Defendants in default.

**B.  Liability**

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendants' liability as a matter of law.  Id.  Here, those requirements are met for Plaintiff's overtime claims, but not for Plaintiff's spread of hours claims or his claims concerning wage statements and wage notices.

The Court finds that the well-pleaded allegations in the Complaint meet the jurisdictional prerequisites of the relevant FLSA and NYLL provisions.  The Court further finds that the Complaint's allegations constitute violations of the overtime provisions of the FLSA and the NYLL.

Plaintiff's spread of hour claims fail because the NYLL's spread of hours provision is limited to employees who earn only the minimum wage.  See Carrasquillo v. Westech Sec. & Investigation Inc., No. 23-CV-04931, 2024 WL 4227795, at *8 (S.D.N.Y. Sept. 17, 2024).  Here, Plaintiff was paid $17 per hour at a time when the applicable minimum wage rate was $15.00 per hour.  Accordingly, Plaintiff's complaint fails to allege a spread of hours claim.

Plaintiff's complaint also fails to plausibly allege wage notice and wage statement claims. Plaintiff's allegations concerning his wage statement and wage notice claims under the NYLL are insufficient to plausibly allege standing for these claims.  To establish standing for these claims, "a plaintiff must show some causal connection between the lack of accurate [wage] notices and [a] downstream harm."  Guthrie v. Rainbow Fencing Inc., 113 F.4th 300, 308 (2d Cir. 2024).

In <u>Guthrie</u>, the Second Circuit explained that:

> A plaintiff-employee may have suffered an injury-in-fact sufficient to establish standing when, for example, inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion. But the plaintiff-employee cannot "assume[ ] [t]his conclusion without analysis" or rely on "speculation and conjecture." Rather, the plaintiff-employee must support a plausible "theory as to how he was injured by [the] defendants' failure to provide the required documents."

<u>Id.</u> at 309 (cleaned up).

Here, Plaintiff has not provided any "plausible allegations" or any evidence that he "suffered a concrete injury because of" Defendants' "failure to provide the required notices and statements." <u>Id.</u> at 311. Accordingly, Plaintiff lacks standing to sue for these statutory violations.

## C. **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" <u>Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC</u>, 779 F.3d 182, 189 (2d Cir. 2015) (quoting <u>Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.</u>, 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." <u>Credit Lyonnais Sec., Inc. v. Alcantara</u>, 183 F.3d 151, 155 (2d Cir. 1999) (citing <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. <u>See</u> <u>Cement & Concrete Workers Dist. Council Welfare Fund</u>, 699 F.3d at 234.

Plaintiff's declaration establishes to, a reasonable certainty, that Plaintiff is owed $2,210 in unpaid overtime, $2,210 in liquidated damages, and $544.39 in prejudgment interest. Plaintiff's total damages award is $4,964.39.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted in part and denied in part.  Defendants are jointly and severally liable to Plaintiff in the amount of $4,964.39.  The Court further orders Defendants to pay Plaintiff post-judgment interest calculated from the date judgment is entered in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.

As is required of any court issuing an "order awarding [NYLL] remedies," the Court makes clear that, under NYLL § 198, "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent."  NYLL §§ 198(4), 663(4); see Martinez v. Dannys Athens Diner Inc., No. 16-cv-7468, 2017 WL 6335908, at *6 (S.D.N.Y. Dec. 5, 2017).

The Clerk of the Court is directed to enter judgment accordingly and close this case. Plaintiff is directed to mail a copy of this Order and the judgment to Defendants and to promptly file proof of service on ECF.

**SO ORDERED.**

Dated:  March 10, 2025
Central Islip, New York

                                       /s/     (JMA)
                                     JOAN M. AZRACK
                                     UNITED STATES DISTRICT JUDGE